# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 3:08cr222-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES NORMAN McKENZIE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Relief of Judgment Pursuant to Fed. R. Civ. P. 60(a)" [Doc. 47] and "Motion for Leave to Amend" [Doc. 48].

## I. PROCEDURAL BACKGROUND

On October 7, 2009, the Defendant pled guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; one count of access device fraud, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1029(a)(2) and 2; one count of unlawful production of an identification document, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028(a)(1) and 2; four counts of unlawful production of an identification document, in violation of 18 U.S.C. § 1028(a)(1); one count of

unlawful possession of identification documents, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028(a)(3) and 2; three counts of false representation of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B); three counts of identification document fraud, in violation of 18 U.S.C. § 1028(a)(7); and one count of aggravated identity theft, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. [Docs. 3, 32]. The Defendant was sentenced on June 7, 2010 to a total of forty-five (45) months of imprisonment. Judgment was entered on June 29, 2010. [Doc. 43].

The Defendant did not file a direct appeal. Instead, on June 15, 2011[1], he filed a *pro se* document entitled "Motion for Relief of Judgment Pursuant to Fed. R. Civ. P. 60(a)," arguing that the Judgment failed to address whether his current sentence should run concurrent with the 37-month sentence imposed by a Texas federal court in 2009. [Doc. 47]. The Defendant then filed the present motion on August 12, 2011[2], moving for leave to restate his

---

[1]This motion is postmarked June 15, 2011 and was received by the Clerk's Office on June 16, 2011. In accordance with the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), this motion is deemed filed as of June 15, 2011.

[2]The Defendant's second motion is postmarked August 12, 2011 and is therefore deemed filed as of that date.

2

motion as a motion to vacate pursuant to 28 U.S.C. § 2255 and to couch his claim as a claim for ineffective assistance of counsel. [Doc. 48].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a motion to vacate must be filed within one year from the latest of --

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, the Defendant does not allege, and the record does not support, any of the grounds stated in subsections (2), (3) or (4). As such, the one-year statute of limitations for the filing of a motion to vacate by the Defendant began to run upon the date which his judgment of conviction

3

became final. Because the Defendant did not file a direct appeal, his judgment became final on July 13, 2010, 14 days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A)(i); Clay v. United States, 537 U.S. 522, 526, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). The Defendant therefore had until July 13, 2011 within which to file a motion to vacate pursuant to 28 U.S.C. § 2255.

The Defendant requests that the Court treat his Rule 60(a) Motion as a Petition pursuant to 28 U.S.C. §2255. Taking that motion in the light most favorable to the Defendant, the Court will do so. As noted above, the Defendant filed his Rule 60(a) motion on June 15, 2011, well within the one-year limitations period for §2255 petitions. Accordingly, the Defendant's motion, so construed, would be considered timely filed as a § 2255 petition. The claim asserted in the Defendant's motion to amend, however, being filed outside of the one-year limitations period, would not be considered timely.

Construing the Defendant's Rule 60(a) motion in the light most favorable to the Defendant, and at the specific request of the Defendant, the Court shall consider such motion to be filed pursuant to 28 U.S.C. § 2255.

With respect to the Defendant's request to amend his motion, Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending habeas petitions. When a claim in a proposed amendment would be

4

otherwise barred by the statute of limitations, Rule 15(c) provides for the relation back of amendment to the original pleading in certain circumstances. United States v. Pittman, 209 F.3d 314, 317 (4th Cir.2000). An amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out — or attempted to be set out — in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). As the Supreme Court made clear in Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Here, the ineffective assistance claim that Defendant proposes to add arises out of the same "common core of operative facts" as asserted in his original motion. Accordingly, the Court concludes that the proposed amendment relates back to his original filing pursuant to Rule 15(c). The Defendant's motion to amend is therefore granted.

In filing his amended and restated motion to vacate, the Defendant must substantially follow the form for § 2255 motions which has been approved for use in this judicial district. See Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, the Court will direct the Clerk of Court to send the Defendant the appropriate motion form.

Accordingly, **IT IS, THEREFORE, ORDERED**:

(1) Defendant's Motion for Relief from Judgment [Doc. 47] shall be construed as a motion to vacate pursuant to 28 U.S.C. § 2255;

(2) Defendant's Motion for Leave to Amend [Doc. 48] is **GRANTED**; and

(3) Defendant shall have thirty (30) days from the entry of this Order to file an amended and restated § 2255 motion to vacate in its proper form. The Defendant is advised that if he fails to resubmit his claims on the proper form in the time required, his original Motion to Relief [Doc. 47] may be dismissed with prejudice without any further notice to him.

The Clerk of Court is hereby **DIRECTED** to file the Defendant's motion [Doc. 47] as a separate habeas action and to send the Defendant the § 2255 motion form which has been approved for use in this judicial district.

**IT IS SO ORDERED.**

Signed: October 26, 2011

Martin Reidinger
United States District Judge